**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

NEREIDA CINTRON,

   Plaintiff,

v.

CREDIT CONTROL SERVICES, INC.
D/B/A CREDIT COLLECTION
SERVICES,

   Defendant.

Civil Action No.:  3:21-cv-937

**DEFENDANT CREDIT CONTROL SERVICES, INC.'S**
**NOTICE OF CONSTITUTIONAL CHALLENGE**

Defendant Credit Control Services, Inc. d/b/a Credit Collection Services ("CCS"), hereby serves Notice pursuant to Fed. R. Civ. P. 5.1(a) that its Answer in this case raises constitutional questions.

Plaintiff Nereida Cintron ("Plaintiff") filed this lawsuit alleging violations of the Fair Debt Collect Collection Practices Act, 15 U.S.C. § 1692, *et al*. Specifically, Plaintiff alleges that CCS violated 15 U.S.C. § 1692b(c), which bars debt collectors from communicating with most third parties in connection with the collection of any debt without the consent of the consumer who owes the debt or the express permission of a court of competent jurisdiction. Plaintiff asserts that CCS transmitted information to a letter vendor, which then printed and mailed a collection letter to Plaintiff on behalf of CCS. The basis of this claim appears to

arise out of a recent 11th Circuit decision, *Hunstein v. Preferred Collection and Mgmt. Servs., Inc.*, 994 F.3d 1341 (11th Cir. 2021).

In its Answer, CCS raises the following constitutional challenges:

1. To the extent that 15 U.S.C. § 1692c(b) imposes a prior restraint on commercial speech, does that prior restraint violate the U.S. Const. amend. I?

2. If the Fair Debt Collection Practices Act permits a debt collector to use a service provider such as Western Union to transmit correspondence to a consumer via telegram but not to use a print-and-mail vendor to perform the same service, is 15 U.S.C. § 1692c(b) void for vagueness in violation of the U.S. Const. amend. V?

Dated: September 23, 2021

    Respectfully submitted,

    **GORDON REES SCULLY MANSUKHANI**

By:   */s/Chantel C. Wonder*
Chantel C. Wonder
Florida Bar No.: 0087601
cwonder@grsm.com
Miami Tower
100 SE Second Street, Suite 3900
Miami, FL 33131
Telephone: 813-523-4945
Facsimile: 813-377-3505
*Counsel for Defendant, Credit Control Services, Inc., d/b/a Credit Collection Services*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2021, a true and accurate copy of the foregoing Rule 5.1 Notice was filed and served upon the following parties and participants via ECF:   Jibrael S. Hindi

Thomas J. Patti
JIBRAEL S. HINDI, ESQ.
THOMAS J. PATTI, ESQ.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, FL 33301
jibrael@jibraellaw.com
tom@jibraellaw.com
*Attorneys for Plaintiff*

I hereby certify that on September 23, 2021, a true and accurate copy of the foregoing Rule 5.1 Notice was served via certified mail, postage prepaid, return receipt requested, upon:

The Honorable Merrick Garland
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI**

By:  */s/Chantel C. Wonder*
 Chantel C. Wonder
 Florida Bar No.: 0087601
 cwonder@grsm.com
 Miami Tower
 100 SE Second Street, Suite 3900
 Miami, FL 33131
 Telephone: 813-523-4945
 Facsimile: 813-377-3505
 *Counsel for Defendant, Credit Control Services, Inc., d/b/a Credit Collection Services*

3